IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **ROBERT SIMMONS, #N10474,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 20-cv-00896-SMY |
| ) | |
| **LU WALKER,** ) | |
| ) | |
| **Defendant.** ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Robert Simmons, an inmate of the Illinois Department of Corrections currently incarcerated at Shawnee Correctional Center ("Shawnee"), filed the instant lawsuit pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. He asserts an unconstitutional conditions of confinement claim and seeks monetary damages. (Doc. 1).

This case is now before the Court for preliminary review of the Complaint under 28 U.S.C. § 1915A, which requires the Court to screen prisoner Complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

### The Complaint

Plaintiff makes the following allegations in his Complaint (Doc. 1): Plaintiff moved to a cell in housing unit 2 in February 2020. The ceiling and walls in the cell were covered with mold, the paint was peeling from the walls, and there was rust around the vents. He made several housing unit change requests. Maintenance came to Plaintiff's cell in March and asked him what was wrong. He showed the maintenance worker the peeling paint and mold but nothing was done.

Plaintiff was seen by a nurse on several occasions in June and July 2020 for a persistent cough. He told the nurse there was mold in the cell and asked if he could be moved because he was coughing and having difficulty breathing.

Plaintiff filed grievances about his cell conditions on July 14, 2020 and July 17, 2020. Warden Lu Walker denied emergency review of his grievances on July 22, 2020.

Plaintiff was taken to the hospital on July 24, 2020 after blacking out and falling off the top bunk in his cell. He had been coughing uncontrollably before blacking out. He was diagnosed with syncope, pneumonia, head injury, and acute hypoxemic respiratory failure. He was discharged on July 26, 2020.

Plaintiff stayed in the health care unit for a few days upon his return to Shawnee. He was placed in quarantine from July 29, 2020 to August 12, 2020 in housing unit 1. The cell had mold, peeling paint, and sewer water standing in the sink. Plaintiff told Lt. Simon about the conditions and asked to be moved. Lt. Simon responded that he did not see any mold. Plaintiff filed a grievance on July 31, 2020 and Warden Walker denied emergency review on August 6, 2020.

Based on the allegations in the Complaint, the Court designates the following claim in this *pro se* action:

Count 1:    Eighth Amendment claim against Walker for unconstitutional conditions of confinement.
.
Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face.").

**Preliminary Dismissals**

Plaintiff refers to individuals in his statement of claim who are not named as defendants in the case caption. Federal Rule of Civil Procedure 10(a) requires the names of all parties to be included in the case caption. Therefore, any claims intended against the individuals not identified in the case caption are dismissed without prejudice. *See Myles v. United States*, 416 F.3d 551, 551–52 (7th Cir. 2005).

**Discussion**

Prison conditions that deprive inmates of basic human needs – food, medical care, sanitation, or physical safety – may violate the Eighth Amendment. *James v. Milwaukee Cnty.*, 956 F.2d 696, 699 (7th Cir. 1992). Two elements are required to establish a constitutional violation. First, an inmate must objectively show that the conditions deny him or her "the minimal civilized measure of life's necessities," thereby creating an excessive risk to the inmate's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The second element requires proof of a defendant's culpable state of mind – deliberate indifference to a substantial risk of serious harm to the inmate from those conditions. *Id.* at 842.

Plaintiff's allegations and the grievances attached to the Complaint sufficiently suggest that Warden Walker was made aware of the unsanitary conditions of Plaintiff's cells and that he was suffering from health issues. As such, these allegations present a colorable Eighth Amendment unconstitutional conditions of confinement claim.

**Disposition**

Count 1 will proceed against Defendant Lu Walker. The Clerk of Court shall prepare for Walker: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy

of the Complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk and shall not be maintained in the court file or disclosed by the Clerk.

Defendant is **ORDERED** to file an appropriate responsive pleading to the Complaint in a timely manner and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). Pursuant to Administrative Order No. 244, Defendant need only respond to the issues stated in this Merit Review Order.

Plaintiff is **ADVISED** that if judgment is rendered against him and the judgment includes the payment of costs under 28 U.S.C. §1915, he will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is further **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a

delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

Finally, based on the allegations in the Complaint, the Clerk of Court is **DIRECTED** to **ENTER** the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

**IT IS SO ORDERED.**

**DATED:  November 11, 2020**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**

### Notice to Plaintiff

The Court will take the necessary steps to notify the Defendant of your lawsuit and serve the Defendant with a copy of your Complaint. After service has been achieved, Defendant will enter an appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the Defendant's Answer, but it is entirely possible that it will take **90 days** or more. When Defendant has filed an Answer, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for Defendant before filing any motions, to give the Defendant notice and an opportunity to respond to those motions. Motions filed before Defendant's counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.