IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROBERT SIMMONS, #N10474, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 20-cv-896-SMY |
| | ) |
| WARDEN LU WALKER, | ) |
| | ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Robert Simmons, an inmate in the custody of the Illinois Department of Corrections ("IDOC"), filed the instant lawsuit alleging unconstitutional conditions of confinement against Defendant Lu Walker, pursuant to 42 U.S.C. § 1983. The Court denied Walker's motion for summary judgment, finding that a material factual dispute existed as to whether any medical professional had connected Simmons' respiratory conditions to his exposure to mold (Doc. 83).

The Court conducted a final pretrial conference on August 30, 2023 (Doc. 105). During the conference, the Court sustained Walker's objections to Simmons untimely Rule 26(a)(3) disclosures and barred Simmons' listed witnesses from testifying, except Nurse Peek. Simmons maintains that Nurse Peek told him his respiratory issues were caused by the mold. However, Simmons did not disclose Nurse Peek as an expert pursuant to Rule 26(a)(2). *See Musser v. Gentiva Health Servs.*, 356 F.3d 751, 758 (7th Cir. 2004) (even treating physicians and treating nurses must be designated as experts if they are to provide expert testimony).

Because Simmons does not have a properly disclosed medical expert witness to testify regarding causation of his respiratory issues, the Court *sua sponte* reconsiders the denial of Walker's motion for summary judgment.

### Discussion

When an injury and its cause are clearly connected in some obvious way such that common experiences and observations explain the relationship, expert testimony is not required. See *Hendrickson v. Cooper*, 589 F.3d 887, 892 (7th Cir. 2009) (holding that a prisoner could testify that a guard "beat him up and that it hurt really bad"). However, a causal connection that cannot be explained to a reasonable degree of certainty without scientific, technical, or specialized knowledge requires expert testimony. See *Pearson v. Ramos*, 237 F.3d 881, 886 (7th Cir. 2001).

Simmons alleges that the moldy conditions in his cell caused him to develop respiratory issues, but he does not have medical expertise and cannot offer his lay opinions about the cause of any alleged medical conditions. Additionally, offering his medical records or general documents from the Centers for Disease Control into evidence are insufficient to establish causation. This is the type of causal connection that requires expert testimony to establish. See, *Denton v. Ne. Ill. Reg'l Commuter R.R. Corp.*, No. 02 C 2220, 2005 WL 1459203, at *5 (N.D. Ill. June 16, 2005) (The existence of a causal relationship between exposure to molds, fungi and bacteria and the medical conditions claimed by plaintiff is not obvious to lay people. Rather, that type of knowledge is obtained through specialized training and would require expert testimony).

In sum, Simmons has failed to produce admissible evidence to support a necessary element of his claim, Defendant Walker is entitled to judgment as a matter of law.

Accordingly, upon reconsideration, Defendant Lu Walker's motion for summary judgment is **GRANTED**.  The Clerk of Court is **DIRECTED** to enter Judgment accordingly and to close this case.

    **IT IS SO ORDERED.**

    **DATED:  September 25, 2023**

    **STACI M. YANDLE**
    **United States District Judge**